IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MILTON GERSTENECKER, on behalf of himself and all others similarly situated** ) ) ) | |
| **Plaintiff,** ) ) | |
| vs. ) ) | **Case No. 07-cv-0164-MJR** |
| **TERMINIX INTERNATIONAL, INC., and SERVICEMASTER COMPANY** ) ) ) | |
| **Defendants.** ) | |

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

  Milton Gerstenecker filed a class action complaint against the defendants in the Circuit Court, Third Judicial Circuit, Madison County, Illinois on December 29, 2006. Pursuant to the Class Action Fairness Act (CAFA), the defendants properly removed the case to this Court on March 2, 2007. Now, Gerstenecker moves the Court to remand this class action lawsuit to state court under 28 U.S.C. § 1332(d)(4), known as the "local controversy exception" to CAFA (Doc. 16). For the reasons stated below, Gerstenecker's motion is **DENIED**.

  CAFA gives federal district courts original jurisdiction over class actions where minimal diversity exists and the matter in controversy exceeds $5 million. **28 U.S.C. § 1332(d)(2);** *Hart v. FedEx Ground Package System, Inc.***, 457 F.3d 675, 677 (7th Cir. 2006).** Consequently, defendants may remove such cases to federal court under 28 U.S.C. § 1441, which states:

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

However, 28 U.S.C. § 1332(d)(4)(A) provides the "local controversy exception" to federal court jurisdiction. It states:

> A district court shall decline to exercise jurisdiction under paragraph (2)—
> (i) over a class action in which—
> (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
> (II) at least 1 defendant is a defendant—
> (aa) from whom significant relief is sought by members of the plaintiff class;
> (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
> (cc) who is a citizen of the State in which the action was originally filed; and
> (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
> (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons . . . .[1]

The removing party (generally, the defendant) has the burden of demonstrating the existence of federal jurisdiction. ***Hart*, 457 F.3d at 679.** Once the defendant proves a proper basis for federal jurisdiction on the removal question, however, "the burden shifts to the plaintiffs to prove

---

[1] § 1332(d)(4)(B) provides a second exception, known as the "home-state controversy exception," which requires the district court to decline jurisdiction where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." Though Gerstenecker mentions this exception in his motion, he does not argue that this exception applies. As a result, the Court does not address any application it may have to this case.

that the local controversy exception to federal jurisdiction should apply." *Id.* **at 680.**

The parties do not dispute that the defendants met their burden of proof on removal. The question this Court confronts is whether Gerstenecker has met his burden of proving that the Court must decline jurisdiction under the local controversy exception.

For the Court to decline jurisdiction under the local controversy exception, Gerstenecker must meet <u>all</u> of the requirements of § 1332(d)(4)(A). This first requires Gerstenecker to show that it is more likely than not that "greater than two-thirds of the members of the class in the aggregate are citizens of the State in which the action was originally filed." **28 U.S.C. § 1332(d)(4)(A)(I);** *Kitson v. Bank of Edwardsville***, -- F.3d --, 2006 WL 3392753, at \*7 (S.D. Ill. Nov. 24, 2006) (slip copy).** Gerstenecker has failed to provide sufficient evidence for this Court to find by a preponderance of the evidence that two-thirds of the class members are Illinois citizens.

Gerstenecker argues that the class has been defined in such a way that "any and all potential class member[s] can only reside within the state of Illinois." Doc. 17, p. 4. The class in this case includes:

> all individuals, proprietorships, partnerships, corporations, and other entities (hereinafter "persons and entities that own any home, condominium, apartment complex, commercial building, or other structure, and/or improvements to real property (hereinafter referred to as "structure") located in the State of Illinois which have purchased contracts and/or warranties from Defendants for termite control service or whose contracts with other providers have been purchased or assumed by Defendants. . . . Doc. 2, Exh. 2 at ¶ 35.

Gerstenecker claims that this class definition *requires* that its members reside in Illinois. This is not entirely clear, however, as the class appears to include individuals who own property in Illinois but do not live in Illinois. More importantly, the statute unequivocally requires that two-thirds of the class members in this case must be *citizens* of Illinois. Seventh Circuit law

clearly provides that allegations of residency are not the same as allegations of citizenship. *See, e.g., Tylka v. Gerber Products Co.*, **211 F.3d 445, 448 (7th Cir. 2000)** ("[A]llegations of residence are insufficient to establish diversity jurisdiction"); *Walker v. Bankers Life & Cas. Co.*, **-- F.3d --, 2007 WL 967888, *2 (N.D. Ill. Mar. 28, 2007) (slip copy) (under CAFA, "citizenship may differ from residence").**

In essence, plaintiffs ask this Court to conclude that because the real property at issue is located in Illinois, two-thirds of the members of the proposed class in the aggregate are citizens of Illinois. That may or may not be true but either conclusion requires a leap of faith this Court cannot make.

Aside from the definition of the class, Gerstenecker argues that Illinois licensing law as it pertains to exterminators limits the defendants' application of pesticides to property within Illinois. Even if this is true, such a law would not prevent exterminators from contracting with non-Illinois citizens who own property in Illinois. As a result, the Court finds Gerstenecker's argument as to Illinois law unconvincing.

Gerstenecker's arguments are reminiscent of *Musgrave v. Aluminum Company of America, Inc.*, **2006 WL 1994840 (2006) (S.D. Ind.) (unpublished)**, where the district court was asked to make a finding of citizenship under the local controversy exception based solely upon the definition of the class. Presented with no other evidence, the court found that the record was insufficient to show that two-thirds of the class were citizens of Indiana. *Id.* **at *2.**

Similarly, Gerstenecker offers no affidavits, interrogatories, or any other evidence of citizenship. A plaintiff seeking to establish the local controversy exception must present evidence in order to meet his burden of proof. *Hart*, **457 F.3d 675, 682 (7th Cir. 2007).** Where the definition

of the class does not explicitly require that its members be citizens of a particular state, and no other evidence of citizenship whatsoever is given, this Court cannot find that "greater than two-thirds of the members of the class . . . are citizens of the State in which the action was originally filed." **28 U.S.C. § 1332(d)(4)(A)(I).** Therefore, the local controversy exception to CAFA has not been met, and the Court will not decline jurisdiction.

Because Gerstenecker's failure to provide adequate proof of the class's citizenship bars application of the exception, the Court need not address the parties' arguments as to the other requirements of § 1332(d)(4)(A).

The Court hereby **DENIES** Gerstenecker's motion to remand (Doc. 16).

**IT IS SO ORDERED.**

**DATED this 19th day of September 2007.**

        <u>s/Michael J. Reagan</u>
        **MICHAEL J. REAGAN**
        **United States District Judge**